## BARTENDERS' UNION LOCAL NO. 86 OF RENO, WASHOE COUNTY, NEV., et al. v. NATIONAL WAR LABOR BOARD et al.

### No. 332.

District Court, D. Nevada.
April 12, 1944.

Oliver C. Custer, of Reno, Nev., for plaintiffs.

Thomas O. Craven, U. S. Atty., of Reno, Nev., for defendants.

NORCROSS, District Judge.

Plaintiff's complaint prays for "a permanent injunction against defendants and each of them from further coercing, intermeddling, threatening or advising the employers of the plaintiffs, or any of them, that wage increases to the plaintiffs are in violation of law." The prayer also included applications for a temporary restraining order and a preliminary injunction. At the time of filing the complaint, an order was made denying application for a temporary restraining order and fixing time for hearing of application for preliminary injunction. At the time set for hearing of the said application, a motion to dismiss the complaint, signed by an Assistant Attorney General and the United States Attorney, as attorneys for defendants, was presented for filing. The motion to dismiss is primarily based upon the grounds that:

"1. The Court has no jurisdiction over the National War Labor Board, William H. Davis, the Tenth Regional War Labor Board, Thomas Fair Neblett and Leonard A. Marcussen.

"2. The Court has no jurisdiction over the subject-matter of the action, in that:

"a. Plaintiffs have no standing to maintain this action.

"b. There is no justiciable controversy between plaintiffs and the defendants or any of them.

"c. The suit is in effect one against the United States to which the United States has not consented.

"d. The Court has no jurisdiction to enjoin the defendants from investigating and making findings with respect to the alleged violations by plaintiffs' employers of the Anti-Inflation Act.

"e. Plaintiffs' employers are indispensable parties to this action who have not been joined herein.

"f. The Commissioner of Internal Revenue and the Attorney General are indispensable parties to this action who have not been and cannot be joined herein."

The following allegations in plaintiffs' complaint are deemed sufficient to present the legal questions herein involved:

"That the employers of plaintiffs are engaged in the business of dispensing malt, vinous, and intoxicating liquors, and that plaintiffs are engaged in the occupation of mixing, preparing and serving said * * * liquors to patrons * * *; that plaintiffs do not serve food or any items affecting the cost of living. * * *.

"That the * * * Executive Order of the President, insofar as it attempts to control and regulate wages which do not affect the cost of living, exceeds the authority delegated by the aforesaid (Title 50 U.S.C.A.Appendix Sec. 961) Act of Congress."

"That the wages paid to the plaintiffs by their employers do not affect the cost of living and are not subject to the provisions of the Act of October 2, 1942, * * '* Title 50, U.S.C.A.Appendix Sec. 961, or the Orders and Regulations issued thereunder."

The meaning of the expression, "affecting the cost of living," relied upon by counsel for the plaintiffs to exempt their employment from the provisions of the statute approved October 2, 1942, can best be determined by its consideration in connection with the title of the Act, other provisions thereof and the Act of which it is amendatory. The Act is entitled: "An Act to amend the Emergency Price Control Act of 1942, to aid in preventing inflation, and for other purposes." U. S. Stat., Vol. 56, p. 765, 50 U.S.C.A.Appendix § 901, 961–971. The original Act referred to is entitled: "An Act to further the national defense and security by checking speculative and excessive price rises, price dislocations, and inflationary tendencies, and for other purposes;" short title: "Emergency Price Control Act of 1942," U. S. Stat., Vol. 56, p. 23, 50 U.S.C.A.Appendix § 901 et seq.

In a major sense, the cost of living is confined to the subjects of food, clothing, rentals and necessary household materials. In ordinary times, prices therefor are controlled by the natural law of supply and demand. While the extent of individual demands vary in accordance with the income or financial ability of the particular individual, respectively, it is the total of such demands which control the cost of living in ordinary times. The particular source of an individual's income has no bearing upon the market value of the various articles and matters comprehended within the cost of living. The actual cost of necessary living supplies are affected by matters other than that of labor involved in its direct production, such as transportation. All or many of these other matters affecting the cost of living are embraced within the Acts of Congress above referred to designed to control cost of living and incidental matters during the war situation. While the attention of the Court has not been directed to a case dealing with the precise question here presented, it is clear that the expression "affecting the cost of living" is not subject to the construction contended for by counsel for plaintiffs. In the case of Henderson, Price Administrator, v. Washington, M. & A. Motor Lines, 77 U.S. App.D.C. 26, 132 F.2d 729, 732, the United States Court of Appeals for the District of Columbia said:

"But, apart from all statutes existing prior to October 2, 1942, and all orders, rules and regulations made pursuant to those statutes, the Act of October 2, 1942, is conclusive of the issue presented for our decision. As it was enacted subsequent to the Interstate Commerce Act it supersedes that Act, to whatever extent may be necessary to achieve its own purposes. Its clearly expressed purpose was to stabilize prices, wages and salaries, affecting the cost of living, upon the basis of the levels which existed on September 15, 1942. To this end the President was authorized to issue a general order."

See, also, U. S. v. C. Thomas Stores, D.C., 49 F.Supp. 111.

It is the conclusion of the Court that if plaintiffs have any rights in the premises, their remedy is confined to the procedure prescribed in the Act establishing the War Labor Board and that the motion of defendants to dismiss the action for want of jurisdiction should be and is sustained upon the grounds set forth in said motion designated a, d, and e. The Court expresses no opinion on the other grounds designated.

It is ordered that the case be, and the same hereby is, dismissed.